FILED

AUG 11 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

CITY OF CHICAGO,

A MUNICIPAL CORPORATION

30 N. LASALLE ST. SUITE 700

CHICAGO, IL 60602

**PLAINTIFF**

VS.

KENNETH K. MOSES

1426 OAK STREET NW

WASHINGTON, DC 20010

**DEFENDANT**

Case No.:

15cv7065
Judge Charles P. Kocoras
Magistrate Judge Young B. Kim

## NOTICE OF REMOVAL

To: The Judges of the United States District Court for the Northern District of Chicago. The Defendant respectfully shows herein the following:

1. A civil action has been brought against the Defendant in the City of Chicago Illinois Department of Administrative Hearings, by the above named Petitioner, said action being designated as Civil Action No.15bt02354 (the "State Court Action").

1. A copy of all process, pleadings and others filed in the State Court Action is attached to this Notice of Removal, as required by 28 U.S.C. 1446(a), as Exhibit "A" hereto.

2. Defendant is a resident of the District of Columbia.

3. According to the Complaint, the City of Chicago, is a Municipal Corporation.

4. There is complete diversity of citizenship between Petitioner and Respondent.

5. Respondent will also request that these cases be consolidated into one case with the New Complaint being filed against Defendant Allstate Insurance Corporation.

## BASIS FOR REMOVAL

6. This case is removable under 28 U.S.C. 1332, which provides in relevant part that "{t}he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; 28 U.S.C. 1332(a)(1). Respondent is a citizen of the District of Columbia, and Petitioner is a Municipal Corporation. The property in question is located at 7941 – 7949 S. Phillips Avenue, that Petitioner claims to be a vacant building. Defendant Counterclaim of ($600,00.00) Six Hundred Thousand Dollars (Complaint, Exhibit "B"), and therefore the amount in controversy requirement of 28 U.S.C. 1332 is satisfied.

7. The instant Notice of Removal is being filed within the 30 day period from the date this action was sent to the Plaintiff herein. Defendant contest that Plaintiff has validly served process herein upon Defendant.

8. Venue properly lies with this Court pursuant to 28 U.S.C. 1441(a) and 1446(a), as this action is presently pending in the Superior Court for the District of Columbia.

WHEREFORE, the above-named Defendant files this Notice of Removal of said cause to this Court.

Very respectfully,

KENNETH K. MOSES,

D-2

EDDIE L MOSES　　　　　　　　　　　　1426 OAK ST NW  WASHINGTON DC 20010
KENNETH K MOSES　　　　　　　　　　　1426 OAK ST NW  WASHINGTON DC 20010

# Administrative Complaint

Date of Notice 04/21/2015

YOU ARE HEREBY NOTIFIED THAT THE DEPARTMENT OF BUILDINGS HAS CITED THE ABOVE PROPERTY FOR ALLEGED VIOLATION(S) OF THE CHICAGO MUNICIPAL CODE.  THE ALLEGED VIOLATIONS COULD BE SERIOUS AND THEREFORE MUST BE IMMEDIATELY CORRECTED.

THE DEPARTMENT CONSIDERS SUCH ALLEGED VIOLATIONS AS CONTINUING ON EACH SUCCEEDING DAY AFTER THE INSPECTION DATE, UNTIL EVIDENCE HAS BEEN BROUGHT TO THE DEPARTMENT SHOWING THAT SUCH VIOLATIONS HAVE BEEN PROPERLY CORRECTED, PURSUANT TO SATISFACTORY PLANS AND PERMITS, WHEN APPLICABLE.

IF YOU HAVE ANY QUESTIONS REGARDING THESE VIOLATIONS, PLEASE FEEL FREE TO CALL THE AREA SUPERVISOR BETWEEN 9:30 AM AND 11:30 AM, AT THE PHONE NUMBER LISTED BELOW.

Inspection Number    11428613

| Date of Inspection | Inspected By | Supervisor ID | Supervisor Phone | Recommendation | CA | Bureau |
|---|---|---|---|---|---|---|
| 2/4/2015 | 717812 | BL00483 | (312)743-3578 | AH | 46 | TB |

That on the inspection date and on each succeeding day thereafter and on numerous other occasions, the respondent(s) had an interest in the property as defined by 2-14-151 and failed to comply with the Municipal Code of the City of Chicago as follows:

1  CN193110

　　Register vacant building within 30 days of it becoming vacant, or within 30 days after assuming ownership of an existing vacant building. (13-12-125(a)). Building must be kept in compliance with all vacant building requirements pursuant to 13-12-135. See Vacant Building Ordinance and registration form at https://ipiweb.cityofchicago.org/VBR

　　Location:

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SEQ #: 001

**End of Violations**

*** SMOKE DETECTORS ARE REQUIRED BY LAW IN ALL DWELLING UNITS.  THEY ARE A MATTER OF LIFE AND DEATH.
FAILURE TO INSTALL WILL RESULT IN SERIOUS PENALTIES. ***

When applying for a permit, bring this notice with you to the Department of Buildings ("DOB"), located at City Hall, 9th Floor, 121 North LaSalle Street.  You may be eligible to obtain a permit from one of DOB's satellite offices.  Visit the Department of Building's website at www.cityofchicago.org/dcap.  Contact DOB for information regarding obtaining a permit.

*** BRING THIS ADMINISTRATIVE COMPLAINT AND THE NOTICE OF VIOLATION AND SUMMONS WITH YOU WHEN ATTENDING THE HEARING. ***

**IN THE CITY OF CHICAGO, ILLINOIS**
**DEPARTMENT OF ADMINISTRATIVE HEARINGS**

| | |
|---|---|
| **CITY OF CHICAGO**, a Municipal Corporation, Petitioner, ) <br> v. ) <br> ) <br> Moses, Eddie L. ) <br> 1426 OAK ST NW ) <br> WASHINGTON, DC 20010 ) <br> and ) <br> Moses, Kenneth K. ) <br> 1426 OAK ST NW ) <br> WASHINGTON, DC 20010 ) <br> ) <br> , Respondents. ) | Address of Violation: <br> 7941-7949 S Phillips Avenue <br><br> Docket #: 15BT02354A <br><br> Issuing City <br> Department: Buildings |

### FINDINGS, DECISIONS & ORDER

This matter coming for Hearing, notice given and the Administrative Body advised in the premises, having considered the motions, evidence and arguments presented, IT IS ORDERED: As to the count(s), this tribunal finds by a preponderance of the evidence and rules as follows:

| **Finding** | **NOV#** | **Count(s)** | **Municipal Code Violated** | **Penalties** |
|---|---|---|---|---|
| City's motion to continue - Granted | 15DR436842 | 1 | 13-12-125(a)(1) Failure to register vacant building | $0.00 |

**Sanction(s):**

**Admin Costs:** $0.00

**JUDGMENT TOTAL:** $0.00

**Balance Due:** $0.00

Case is continued to Thursday, Aug 13, 2015, at 1:30 pm, in Room 114 - Central Hearing Facility, 400 W. Superior, for [ X ] service [ ] hearing.

ENTERED: _____   46   Jun 4, 2015
                Administrative Law Judge       ALO#    Date

This Order may be appealed to the Circuit Court of Cook Co. (Daley Center 6th Fl.) within 35 days by filing a civil law suit and by paying the appropriate State mandated filing fees.

Pursuant to Municipal Code Chapter 1-19, the city's collection costs and attorney's fees shall be added to the balance due if the debt is not paid prior to being referred for collection.

Date Printed: Jun 4, 2015 2:42 pm

15BT02354A
Page 1 of 1



**City of Chicago**
Rahm Emanuel, Mayor

Patti Gregory-Chang
Senior Counsel
Department of Law
Building and License
Enforcement Division

Stephen R. Patton
Corporation Counsel

Suite 700
30 North LaSalle Street
Chicago, Illinois 60602-2580
(312) 744-1054 (FAX)

Eddie L. Moses
1426 Oak St Nw
Washington, DC 20010

Kenneth K. Moses
1426 Oak St Nw
Washington, DC 20010

### Notice of Hearing

Re:    7941-7949 S. Phillips Avenue
Docket Number:   15BT02354A

Dear Parties:

This comes as a reminder that a hearing regarding Municipal Code violations will be held regarding the above property on **August 13, 2015 at 1:30 pm** at **400 W. Superior**. Please check in at Kiosk C.

**Your failure to appear may result in the entry of maximum fines per day per item and/or other sanctions. Maximum fines for Municipal Code Violations can be up to $50,000.**

**Please note that recent case law mandates that corporations and limited liability companies may appear only through counsel.**

Should you have any questions concerning this letter, please contact me.

Alison Yohanna
City of Chicago Department of Law
30 N. LaSalle St. Suite 700
Chicago, IL 60602
312-744-1058

Attachment:    Administrative Complaint
                      Most Recent Court Order

**PROOF OF SERVICE BY MAIL**

I, Alison Yohanna, certify that I served this notice by mailing a copy to the address(es) above and depositing the same in the U.S. mail at 30 N. LaSalle on    or before 5:00 pm on **6/9/15** with proper postage prepaid.

Alison Yohanna

312 744 6924

# ANSWERS TO COMPLAINT

IN THE CITY OF CHICAGO, ILLINOIS
DEPARTMENT OF ADMINISTRATIVE HEARINGS
CITY OF CHICAGO DEPARTMENT OF LAW
30 N. LASALLE ST. SUITE 700
CHICAGO, IL 60602

| | |
|---|---|
| KENNETH K. MOSES | Case No.: 15 BT 02354A |
| 1426 OAK STREET NW | |
| WASHINGTON, DC 20010 | |
| **PETITIONER** | |
| VS. | |
| KENNETH K. MOSES | |
| 1426 OAK STREET NW | |
| WASHINGTON, DC 20010 | |
| AND | |
| ALLSTATE INSURANCE | |
| CORPORATION, 208 SO LASALE ST | |
| SUITE 814 CHICAGO, IL 60604 | |
| AND | |
| JOSE DELGADO | |
| 2775 SANDERS ROAD | |
| NORTHBOOK, ILLINOIS 60062 | |
| AND | |
| BRADLEY BEETHAM | |
| 1900 S. HIGHLAND AVE STE 100 | |
| LOMBARD, IL 60148 | |
| AND | |
| BRADLEY BEETHAM | |
| 1900 S. HIGHLAND AVE STE 100 | |

LOMBARD, ILL 60148

DEFENDANT

## ANSWERS TO COMPLAINT

Plaintiff Kenneth K. Moses, pros se brings this action for damages against Allstate Insurance Company ("Allstate") and its agents for claims arising out of the failure to pay on a claim for which Plaintiff alleges he was insured.

## NATURE OF ACTION

1. Plaintiff Kenneth K. Moses owns real property located at 7941 – 7949 S. Phillips Avenue, Chicago, IL ('the property"). Plaintiff purchased an insurance policy from defendants Allstate agent. At the time, plaintiff was seeking to insure his residential properties. In this Complaint, plaintiff are seeking to hold ALLSTATE, Jose Delgado, BRANDON BUILDERS INC., and Bradley Beetham liable for certain acts and omissions prior to the claims date. Plaintiff alleged that all the Defendants (along with certain of its affiliates) engaged in fraud and violated the Illinois Unfair Trade Practice Act, and violation of the Illinois Unfair Insurance Practices Act and Breach of Contract.

## PARTIES

2. Allstate Insurance Corporation organized under the laws of the United States of America with its principal place of business in Chicago Illinois.

3. Jose Delgado is an agent for Allstate Insurance Corporation, at the Midwest Property Market Claim Office located at 9022 Heritage Parkway Woodbridge, IL 60517.

4. Bradley Beetham is the owner of BRANDON BUILDERS INC which is organized under the laws of the State of Illinois with an address of 1900 S Highland Ave STE 100 Lombard, IL 60148.

5. BRANDON BUILDERS INC., is a Corporation organized under the laws of the State of Illinois with and can be served at 1900 S Highland Ave STE 100 Lombard, IL 60148.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 12 U.S.C. 1819(b)(2)(A) and 28 U.S.C. 1331.

8. Venue in this Court is proper pursuant to 28 U.S.C. 1441(a). Plaintiff property is located at 7941 – 7949 S. Phillips Avenue Chicago Illinois. This complaint against Allstate is proper under Federal Rule of Civil Procedure 14(a).

## STATEMENT OF FACTS

9. On or about January 2013, the tenants residing at the "property" vacated the home without Plaintiff's knowledge. Upon discovery of their flight, I ordered the rental manager, James Griffin to board up the townhouse.

10. In February, 2013, the property was broken into and a refrigerator, dishwasher, stove, and washer/dryer were taken. In addition the thieves tore through the walls and ripped out as much copper as they could. James Griffin then filed a police report with the Chicago Police Department and, shortly afterward, I filed a claim with Allstate Insurance Company (#0278387154) on February 15, 2013, a claim that has yet to be fulfilled.

10. The first year was spent trying to get Allstate to honor my claim. Between being switched around from adjuster to adjuster and questioned about the exact time of the vacancy, no assessment had been made of the damages. Allstate and their Agents engaged in intentional delay.

11. The special nature of insurance and the role it has played in society has been recognized by courts and legislatures for many years. An insurance policy is not

obtained for commercial advantage. Instead, it is obtained by people and entities protecting against unknown calamities which may, or may not, ever occur. Often, the policyholder, after paying the premium and expecting protection against calamity, is in an especially vulnerable economic and personal position when the unexpected loss occurs. The entire purpose of insurance is defeated if ALLSTATE and its adjusters can refuse or delay the prompt and full payment of monies due under the contract.

12. On or about, December 2013 and January 2014, I went to Chicago and met with an Allstate adjuster, Jose Delgado. At that time, after surveying the property, along with Mr. Griffin, Mr. Delgado estimated the damage to be approximately $30,000 and gave me the choice of either hiring my own contractor or using Allstate contractors. I agreed to go with Allstate's. I was then told that Brandon Builders would be the contractors to work on the property. Shortly after, *Brandon Builders requested a set of keys for the property which were provided by Mr. Griffin*.

13. On or about, April 2014, I reached out to Brandon Builders to find out how the work had progressed. I was told then that the delay was because they were waiting to receive a work permit from the city of Chicago and that I needed to have the water turned on so that they could begin as soon as the city responded.

14. Once I had the water turned on, my next wait for the city to answer their request. This wait began to last so long, I began asking exactly why the wait was so long. When I finally got a response, I was told that because the house was located in a high crime area, additional security had to be hired in order to protect the contractor while at work.

15. Shortly after my inquiries, I was told the the work permit had been issued so they could begin the work. By this time, in mid-January 2015, wer were in the midst of cold weather and, as a result, I was told that a water pipe had burst and that a new estimate would have to be determined.

D- 4

16. Again, I awaited word from Brandon Builders as to when work would begin. In speaking with Brad Beetham, owner of Brandon Builders, around 3/15, I was told that workers needed another set of keys to get in the building. Mr. Griffin again provided the keys and shortly after, Beetham said that the workers had entered the property and begun work.

In checking on the property again, approximately 2 weeks later, he (Beetham) informed me of another problem in that his workers had lost some tools to theft, although he made no mention of contacting the police in regard to the incident. The next major problem arose when I received a summons from the city to appear at a hearing in Chicago on June 4, 2015. Upon contacting Beetham in regard to this matter, I was told that the hearing was in regard to the property being registered as a vacant building. In follow-up, I found that registration of the property amounted to $2,500. Lastly, on 5/26/15, Jose Delgado, the Allstate adjuster, called and told me that the property was besieged with termites and damage from a pre-existing water problem that required me to hire an exterminator to go in and rectify the problem before work could go forward.

## COUNT I

### (Violation of the Unfair Claims Practice Act)

17. Plaintiff incorporation paragraphs 1 through 16.

18. Plaintiff alleges that ALLSTATE and its Agents breach their good faith duties in various ways to wit:

a. Failure to Thoroughly Investigate – An insurer cannot reasonably and in good faith deny payments to its insured without thoroughly investigating the foundation for a denial of payment in whole or in part.

b. ALLSTATE and its Agents made unreasonable demands on the Plaintiff during the claims investigation, which amounted to harassment.

c. Claims "Extortion". Falsely accusing the Plaintiff, without reasonable basis, of wrongdoing, by allowing Agent Jose Delgado abusive and coercive practices to compel the compromise of my claim.

d. Agent Jose Delgado, unreasonably low counteroffer in negotiating the settlement of my underlying claim.

e. By forcing Plaintiff to litigate in order to obtain coverage under his insurance policy.

## COUNT II

### (Agent Jose Delgado biased Investigation and claims)

19. Agent Jose Delgado, was biased from the start. He continued to look for a way out of the claim or for evidence to support only one side. Based on information and belief, he failed to evaluate liability claim in good faith, and filed to consider my interests. Agent Jose Delgado, engaged in intentional delay, in violation of the Unfair claims settlement practices acts as described in Chapter 9, of the Unfair Claims Settlement Practices acts which specify time limits within which to complete evaluations of coverage and damages. Agent Jose Delgado, did not comply with those requirements outlined in the Unfair Claims Settlement Practices act. Agent Jose Delgado, did not conduct himself in accordance with the Illinois Adjuster Code of Ethics.

## COUNT III

### (Fraud, Breach of Contract)

20. BRANDON BUILDERS INC., and Bradley Beetham was paid by ALLSTATE and failed to do the repairs on the property and made no further efforts to remedy

the problem or protect Plaintiff's property. As a direct and proximate result of ALLSTATE, BRANDON BUILDERS INC., and Bradley Beetham breaches of contract by All Defendants, Plaintiff has incurred extensive structural and aesthetic damage to the exterior and interior of his property, and loss of rental income.

Very respectfully,

_____
KENNETH K. MOSES,